# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| STEPHANIE WILSON, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) |
| ROVO & ASSOCIATES, VEGALO, | ) |
| LLC DBA FRONTIER FINANCIAL | ) |
| GROUP, RORY VOHWINKEL | ) |
| AND MARTIN MAZZARA, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4.      Plaintiff, Stephanie Wilson ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Clallam, and City of Port Angeles.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, RoVo & Associates ("RoVo") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      ROVO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant, Vegalo, LLC dba Frontier Financial Group, ("Vegalo") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.      Vegalo is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

10.    Defendant, Rory Vohwinkel ("Vohwinkel") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11.    Defendant, Martin Mazzara ("Mazzara") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

12.    "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

13.    Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA."  *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see   Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004);

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

*Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

14.    All Defendants are "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than RoVo.

16.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than RoVo, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

17.    Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than RoVo.

18.    RoVo uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

19.     Vegalo purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

20.     Vegalo acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

21.     Vegalo is thoroughly enmeshed in the debt collection business, and Vegalo is a significant participant in RoVo's debt collection process.

22.     Defendant RoVo, itself and on behalf of Defendant Vegalo, contacted Plaintiff's mother, Joann Maynard, via telephone call on May 25, 2010 at approximately 1:00 P.M. and stated that Plaintiff was going to be sued by Defendant in Las Vegas, NV with regard to an alleged debt owed to Defendant (call was placed by Sara at RoVo, from tel. 1-800-202-5030, ext. 212).   (15 U.S.C. §§ 1692b(2), 1692c(b), 1692e(5)).

23.     Defendant Vegalo, after having received notice from Plaintiff's counsel dated July 29, 2010 clearly stating that Plaintiff was represented by counsel, contacted Plaintiff directly by placing a telephone call to Plaintiff's cellular telephone, including, but not limited to, the following dates and times:August 16, 2010 @ 2:29 P.M., 8/18/10 @ 10:58 A.M (15 U.S.C. §

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1692c(a)(2).

24.     Defendant Vegalo left voicemail messages for Plaintiff on Plaintiff's cell phone on the following dates and times, and in each such instance failed to notify Plaintiff that the communication was from a debt collector: 5/26/10 @ 9:47 A.M., 6/2/10 @ 1:11 P.M., 6/3/10 @ 11:03 A.M., 8/16/10 @ 2:29 P.M., 8/18/10 @ 10:58 A.M (15 U.S.C. § 1692e(11));

25.     Defendant Vegalo left a voicemail message for Plaintiff on Plaintiff's cell phone on 6/3/10 @ 11:03 A.M. in which Defendant failed to identify the individual caller and its corporate/business name.  (15 U.S.C. § 1692d(6)).

26.     Defendant Vegalo left a voicemail message for Plaintiff on Plaintiff's cell phone on 5/26/10 @ 9:47 A.M., in which Defendant stated that it was working with Defendant RoVo, and referred to Defendant RoVo as a law firm, a false representation of the meaningful level of attorney involvement in the collections process with the intent of frightening Plaintiff and inveigling Plaintiff to make payment to Defendant Vegalo with regard to an alleged debt.  (15 U.S.C. §§ 1692e(3), 1692e(10)).

27.     Defendant Vegalo left a voicemail message for Plaintiff on Plaintiff's cell phone on on 6/3/10 @ 11:03 A.M. in which Defendant stated that

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

if Plaintiff did not return the call that day, litigation would be commenced.  As evidenced by Defendant's failure to follow through with its threat, said threat was not an action with regard to the collection of an alleged debt that Defendant intended to take.  (15 U.S.C. §§ 1692e(5), 1692e(10)).

28.     During a telephonic communication with Defendant RoVo on or about May 25, 2010, Plaintiff spoke with an employee/agent of Defendant named "Michael" who represented to Plaintiff he was an attorney, when in fact, he was not.  (15 U.S.C. §§ 1692e(3), 1692e(10)).

29.     During a telephonic communication with Defendant RoVo on or about May 25, 2010, Plaintiff spoke with an employee/agent of Defendant named "Michael" who, in response to a statement from Plaintiff that she had not received a letter purportedly sent to Plaintiff, yelled and screamed at Plaintiff and called Plaintiff "a liar."  (15 U.S.C. § 1692d(2)).

30.     During a telephonic communication with Defendant RoVo on or about May 25, 2010, Plaintiff spoke with an employee/agent of Defendant named "Michael" who represented to Plaintiff that Defendant RoVo "did not work with" Credit Solutions, a debt settlement agency, when in fact, Credit Solutions states on its website that Defendant RoVo does work with its business.  (15 U.S.C. § 1692e(10)).

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

31.   Defendant RoVo, itself and on behalf of Defendant Vegalo, represented to Plaintiff that a debt allegedly owed by Plaintiff in the approximate amount of $3,400.00 had increased to $5,000.00, because it had cost the original creditor $500.00 for an original "letter of intent" to be sent to Plaintiff and an additional $500.00 per hour to pursue the collection of the alleged debt from Plaintiff.  (15 U.S.C. §§ 1692e(2)(a), 1692e(10), 1692f).

32.   Defendant RoVo resigned, compiled, and furnished a form letter to Defendant Vegalo knowing that it would be used to create the belief in consumers that persons other than Defendant Vegalo, namely Defendant RoVo, was participating at the time the letter was sent to Plaintiff in an attempt to collect a debt, when in truth WebBank was not participating at that time.  (15 U.S.C. §§ 1692e(3), 1692e(10), 1692j(a)).

33.   Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I—VIOLATIONS OF THE FDCPA
## DEFENDANT ROVO

34.   Plaintiff repeats and re-alleges each and every allegation above.

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

35.   Defendant RoVo violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that RoVo violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA DEFENDANT VEGALO

36.   Plaintiff repeats and re-alleges each and every allegation above.

37.   Defendant Vegalo violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Vegalo violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k,

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—VIOLATIONS OF THE FDCPA
## DEFENDANT VOHWINKEL

38.   Plaintiff repeats and re-alleges each and every allegation above.

39.   Defendant Vegalo violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Vegalo violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—VIOLATIONS OF THE FDCPA
## DEFENDANT MAZZARA

40. Plaintiff repeats and re-alleges each and every allegation above.

41. Defendant Mazzara violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

m) Adjudging that Mazzara violated the FDCPA;

n) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

o) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

p) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

q) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

r) Awarding such other and further relief as the Court may deem just and proper.

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 9th day of May, 2011.


s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com